UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK AQUILINA,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN JOHNSON, et al.,<br><br>Respondents. | Civil Action No. 18-1218 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Mark Aquilina ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging his state court murder conviction. (ECF No. 1). On February 1, 2018, this Court entered an order directing Petitioner to show cause why his petition should not be dismissed as time barred. (ECF No. 3). Petitioner thereafter filed a response. (ECF No. 4). For the following reasons, the Court will dismiss the petition with prejudice as time barred and no certificate of appealability shall issue.

## I. BACKGROUND

In the order directing Petitioner to show cause, this Court provided the following summary of the procedural history of Petitioner's criminal matter:

> Petitioner was convicted [of the murder of his step-father] after a jury trial and was sentenced on November 16, 2007. (ECF No. 1 at 1). Petitioner appealed, and the Superior Court of New Jersey – Appellate Division affirmed his conviction by way of an opinion issued on March 31, 2011. *See State v. Aquilina*, 2011 WL 1161303 (N.J. Super. App. Div. Mar. 31, 2011). Petitioner thereafter filed a petition for certification, which was denied by the New Jersey Supreme Court on September 22, 2011. *State v. Aquilina*, 208 N.J. 338 (2011). As Petitioner did not file a petition for certiorari, his conviction became final 90 days later on December 21, 2011 . . . .

1

> According to Petitioner he [thereafter] filed his [post-conviction relief (PCR)] petition on March 7, 2012. (ECF No. 1 at 3). The state PCR trial court denied that petition in August 2014, and Petitioner appealed. (*Id.* at 4). The Appellate Division affirmed the denial of Petitioner's PCR petition on October 4, 2016.[] *State v. Aquilina*, 2016 WL 5746623, at *1 (N.J. Super. App. Div. October 4, 2016). Petitioner thereafter sought certification, which was denied by the Supreme Court on January 20, 2017[.] *State v. Aquilina*, 228 N.J. 474 (2017).

(ECF No. 3 at 2–3).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 567 U.S. 37, 40–41 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for the purposes of the statute where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily screen habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

As this Court explained in its order to show cause,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See* [] *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A). . . .

3

> As Petitioner did not file a petition for certiorari [following the denial of certification by the New Jersey Supreme Court in September 2011], his conviction became final 90 days later on December 21, 2011, and Petitioner's one year statute of limitations began to run as of that date. Absent some form of tolling, then, Petitioner's one year limitations period would have run by December 21, 2012.
>
> The AEDPA statute of limitations[, however,] is subject to statutory tolling which automatically applies to the period of time during which a petitioner has a properly filed petition for post-conviction relief (PCR) pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 2244(d)(2)). . . .
>
> Based on [the] procedural history [outlined above], Petitioner's one-year limitations period began to run on December 21, 2011. Seventy-seven days of that one year period expired before Petitioner filed his PCR petition on March 7, 2012. Petitioner's one-year limitations period was thereafter tolled while his PCR remained pending. That tolling expired once the New Jersey Supreme Court denied certification on January 20, 2017. Petitioner's one-year limitations period resumed running as of that date, and the remaining 288 days of Petitioner's limitations period had thus run by November 4, 2017. Petitioner's current habeas petition therefore appears to be time barred by more than two months absent some basis for equitable tolling.
>
> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

(ECF No. 3 at 2–3).

A petitioner can establish the extraordinary circumstances sufficient to warrant equitable tolling generally by showing either that he has been actively misled, was prevented from asserting his rights in some extraordinary way, timely asserted his rights in the wrong forum, or was misled by the courts regarding the steps he needed to take to preserve his claim. *See Jones v. Morton*, 195

4

F.3d 153, 159 (3d Cir. 1999); *see also Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005), *cert. denied*, 546 U.S. 957 (2005). Neither excusable neglect, ignorance of the law, nor the miscalculation of the remaining time by Petitioner or his attorney or agent are sufficient to constitute an extraordinary circumstance. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). Generally, in non-capital cases, attorney nonfeasance or malfeasance will not qualify as an extraordinary circumstance unless there is a showing of actual abandonment, egregious misconduct, or extreme attorney neglect coupled with pressing factual circumstances. *See, e.g., Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004); *see also Holland v. Florida*, 560 U.S. 631, 651–53 (2010); *Ross*, 712 F.3d at 798–804; *Jenkins*, 705 F.3d at 89–90. The same standard applies to the actions and advice of prison paralegals. *See, e.g., Alvarado v. D'Ilio*, No. 15-3878, 2016 WL 4498234, at *2 (D.N.J. Aug. 23, 2016). Ultimately, Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Even if Petitioner can show that he faced an extraordinary circumstance, he is still required to demonstrate that he "exercise[d] reasonable diligence in . . . bringing [his] claims." *Pabon*, 654 F.3d at 402 (quoting *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618–19 (3d Cir. 1998)). Although this does not require the petitioner to show that he acted with "the maximum feasible diligence," it does require that he show that he acted with "reasonable diligence in the

circumstances." *Id* (quoting *Holland*, 560 U.S. at 653; then quoting *Schlueter*, 384 F.3d at 74). This obligation of diligence applies not only during the one-year limitations period, but also throughout the course of proceedings in the state courts. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Although a Petitioner's choice not to pursue collateral relief until a significant portion of the one year AEDPA limitations period has passed will not in and of itself prevent a petitioner from showing reasonable diligence, a decision to wait until late in the period "is a factor to be taken into consideration" in determining the reasonableness of Petitioner's actions. *Id.*

In his response to the Court's order to show cause, Petitioner does not dispute the procedural history outlined above or this Court's ruling that, absent equitable tolling, his habeas petition would be time barred. Instead, Petitioner argues that he should be entitled to equitable tolling because he has been under close-custody status for many years and has limited law library access, and in August 2017 requested that he receive assistance in pursuing a habeas petition from his prison's "Inmate Legal Association" ("ILA") which agreed to help him. (ECF No. 4 at 2–3). Petitioner handed over his legal documents to them on August 20, 2017. (*Id.* at 3). Petitioner apparently took no further actions until October 9, 2017, when he requested to have his documents back, a request he asserts was ignored. (*Id.*). Petitioner did not attempt to contact the law library again until November 2017. (*Id.*). In November, Petitioner contacted the law library and ILA once again, but was told that he would not receive his documents back unless he paid ILA dues of fifteen dollars. (*Id.* at 3). Petitioner thereafter paid those dues on November 17, 2017. (*Id.* at 4, 10). Petitioner does not allege any further action on his part until early January 2018, when he was told he would receive his legal papers back in short order. (*Id.* at 9). He thereafter received his documents back on January 17, 2018, and filed his current *pro se* petition that same day. (*Id.*). Petitioner's basis for equitable tolling is thus that he chose to rely on the services of the prison

6

paralegals starting in August 2017, when less than three months remained of his one year limitations period, that the paralegals failed to prepare his petition, and that he did not receive his paperwork back until he paid them his dues, and that their failure to provide him with a habeas petition in a timely fashion and holding of his documents should warrant equitable tolling.

Given the facts outlined above, it is not clear that Petitioner can show extraordinary circumstances. Although Petitioner attempts to frame the issue as essentially being one of attorney abandonment—he asked them to prepare the petition, they did not—the situation here appears more like a case of neglect insomuch as Petitioner asked for the prison paralegals' help, and they did not complete his petition in a timely fashion, putting it off until after Petitioner paid them their dues. If these dues are a basic requirement for the paralegals drafting Petitioner's habeas petition, a point which is not clear from Petitioner's submissions, then this would not even amount to nonfeasance, but would instead be a simple consequence of Petitioner's failure to pay. If, however, the dues issue was the sort of shakedown that Petitioner implies it to be, the behavior of the paralegals in this matter lays somewhere between neglect and abandonment, and it is thus not clear that these actions could warrant being considered extraordinary circumstances. Additionally, while the issue of attorney abandonment can generally be categorized as an attorney promising to file on a petitioner's behalf and then doing nothing, leaving the petitioner with the mistaken belief that his rights have been preserved, no such promise was made here. Petitioner asserts only that the paralegals told him they would draft a petition and return it. Thus, Petitioner was apparently aware that there would at least be some action required on his part to complete the filing of his petition, and the situation is less equivalent to true abandonment than it otherwise may appear.

Even if this Court were to assume, *arguendo*, that the ILA's actions amounted to something akin to attorney abandonment and could therefore qualify as an extraordinary circumstance,

Petitioner cannot show that he acted with reasonable diligence in regard to the filing of his habeas petition. Although Petitioner asserts he needed the aid of a paralegal to prepare his habeas petition, he did not seek this help out until late August, 2017, when he had two and a half months remaining on his limitations period. Although he had been told that his habeas petition would be ready within a month, Petitioner, according to his certification, did not follow up on its status until October 9, more than two weeks after the month had passed. Even though he received no response, Petitioner thereafter did not seek out the paralegals again until November 2, 2017, nearly a month later, when only two days remained on his limitations period. Petitioners are "expect[ed] . . . to know when the[ir] limitations period expires." *Ross*, 712 F.3d at 800 (quoting *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)). Petitioner, then, should have known that, at the time he sought out help, he had only two and a half months remaining. In spite of that, he let a month and a half pass before he sought his first update, even though he then had less than a month to file his petition, and thereafter waited nearly another month before seeking a second update when the first failed to prove fruitful. His limitations period expired two days later, before Petitioner paid the ILA dues. The passage of the last two and a half months without the filing of a petition thus occurred with Petitioner doing no more than asking about his papers on two occasions, approximately a month apart. Given the short amount of time remaining to Petitioner at the time he sought help in filing his petition, the lax attitude Petitioner demonstrated in regards to seeking updates or retrieving his legal files, this Court concludes that Petitioner was not reasonably diligent in pursuing his rights.[1]

---

[1] That Petitioner apparently prepared and filed his habeas petition on the day he received his paperwork back does not save his petition from this conclusion. That Petitioner was extremely diligent more than *two months* after his one-year limitations period expired cannot excuse his lack of diligence in the preceding months. Indeed, even after he was told that he needed to pay to retrieve his legal files, Petitioner apparently took no action to retrieve his paperwork between November 9, 2017, when he paid the dues, and January 17, 2018, when he received his paperwork back. Petitioner's tardiness thus continued even after he paid the dues, and provides a further basis for concluding Petitioner was not reasonably diligent. Petitioner's diligence on January 17, 2018 simply came too late to excuse his earlier passivity in relation to the limitations period.

Because Petitioner was not reasonably diligent in pursuing his rights, he cannot show that he is entitled to equitable tolling, and his habeas petition must be dismissed with prejudice as time barred. *Pabon*, 654 F.3d at 399.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the reasons expressed above, Petitioner's habeas petition is clearly time barred, and Petitioner has failed to show that he was reasonably diligent sufficient to warrant equitable tolling. As such, jurists of reason could not conclude that this Court erred in dismissing the petition as time barred,

and that Petitioner's habeas petition should proceed further. Petitioner is therefore denied a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE as time barred, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

DATED: April 27th, 2018

JOSE L. LINARES,
Chief Judge, United States District Court